**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-1049 & 24-1276
_____

ARMONI MASUD JOHNSON,
Appellant

v.

SGT. BIENKOSKI, Dallas State Prison Staff Member;
OFFICER CHUBA, Dallas State Prison Staff; ADA, Teacher Aid;
RICHARD DEVERS; BART JOSEFOWICZ, Dallas State Prison Staff;
JOSEPH ZAKARAUKAS; MIKE GOYNE; LORI WHITE; DALLAS SCI

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:18-cv-00592)
District Judge:  Honorable Julia K. Munley

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2025
Before:  HARDIMAN, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 2, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Armoni Johnson appeals from the District Court's judgment in his prison civil rights action. We will affirm.

I.

Johnson's operative second amended complaint alleged that he suffered various violations of his First Amendment rights when he was incarcerated at SCI Dallas.[1] He specifically alleged that three defendants conspired to retaliate against him for exercising his First Amendment right to access the courts. He stated that, in March 2016, he represented himself at a Pennsylvania state criminal jury trial, and defendant Richard Devers, a machinist trade instructor at SCI Dallas, sat on the jury that found him guilty. When he returned to SCI Dallas after the trial, defendant Sergeant Edmund Bienkowski seized his deodorant and toothpaste and issued him a misconduct citation for possessing "contraband" and making threats. Sometime that month, a defendant identified only as "Ada, Teacher aid" confiscated Johnson's legal materials while he was in the law library. In late May 2016, Officer David Cuba[2] confiscated Johnson's religious beads, and Johnson alleged that that violated his First Amendment right to free exercise of religion. Finally, in June 2016, Johnson was placed in administrative custody (AC) after SCI Dallas discovered that Devers was on Johnson's jury. Johnson alleged that he was previously unaware that Devers was on his jury; at that point, he realized that the above

---

[1] In September 2016, Johnson transferred to his current institution, SCI Coal Township.
[2] Johnson's spelling, Chuba, is reflected in the caption; defense-appellee filings reflect that the correct spelling is Cuba.

acts constituted "a conspiracy against plaintiff . . . and harassment and retaliation for defendant Richard Devers." ECF No. 35 at 6. Johnson also alleged vague supervisory liability claims against four defendants,[3] and a municipal liability claim against SCI Dallas.

After Johnson's first two complaints were dismissed without prejudice, the District Court dismissed with prejudice Johnson's supervisory and municipal liability claims, and ordered service of Johnson's second amended complaint upon the remaining defendants. Bienkowski, Devers, and Cuba moved for summary judgment, arguing that Johnson failed to exhaust his administrative remedies. The District Court granted Devers's and Bienkowski's motions for summary judgment, because Johnson conceded in a deposition that he did not file grievances against them. The District Court subsequently granted Cuba's second motion for summary judgment, finding based on an expanded record that Johnson did not appeal from the denial of his relevant grievance. Finally, the District Court dismissed the remaining claim against "Ada," whom Johnson had failed to identify after five years of litigation.

Johnson timely appealed from the District Court's judgment (at C.A. No. 24-1049). Meanwhile, the District Court denied Johnson's two post-judgment motions challenging the District Court's judgment. Johnson then filed a second appeal (at C.A. No. 24-1276). We subsequently consolidated the appeals.

---

[3] The supervisory defendants are Bart Josefowicz, Joseph Zakarauskas, Mike Goyne, and Lori White.

3

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's decisions to sua sponte dismiss a claim under 28 U.S.C. § 1915(e), see Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020), and grant motions for summary judgment, see Anglemeyer v. Ammons, 92 F.4th 184, 188 (3d Cir. 2024). We review the denial of Johnson's post-judgment motions for abuse of discretion. See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

III.

We repeat our concern from a prior appeal that Johnson's briefings and other filings are too difficult to follow: "His arguments are vague, it is difficult to identify which issues he seeks to raise on appeal, and we are unable to discern where his brief ends and his exhibits begin." Johnson v. McGinley, No. 22-3288, 2023 WL 5670700, at *1 (3d Cir. 2023) (per curiam).[4] Again, "Johnson has arguably forfeited all review," but nonetheless, we will address those arguments that he seems to raise. Id.[5] We warn

---

[4] Additionally, we observe that (1) we cannot see where Johnson's arguments end and his excerpts of court opinions begin, and (2) he refers to many other state and district court cases and appeals that are beyond the narrow scope of this appeal.

[5] See also Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) (stating that Court typically refuses to "consider ill-developed arguments or those not properly raised and discussed in the appellate briefing"); Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) (similar); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting pro se litigants "must abide by the same rules that apply to all other litigants").

4

Johnson that if he submits similarly defective briefs in a future appeal, we may affirm the District Court's judgment without further reasoning.

We generally agree with the District Court's disposition of Johnson's claims: First, the District Court appropriately dismissed with prejudice Johnson's claims against SCI Dallas and the four supervisory defendants, for precisely the reasons stated by the Magistrate Judge and District Court. See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020) (holding that Pennsylvania's sovereign immunity bars § 1983 claims against state prisons and state prison employees named in their official capacities); Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 & 130 (3d Cir. 2010) (discussing recognized theories of supervisory liability, none of which are alleged here). Second, we discern no error in the District Court's dismissal of claims against Ada pursuant to Rule 21 of the Federal Rules of Civil Procedure, particularly where Johnson had an opportunity for discovery and yet did not identify her, and even now only vaguely asserts that the defendants "hid" or "withheld" Ada's identity.

That leaves the District Court's determination at summary judgment that Johnson failed to adequately exhaust his grievances against Bienkowski, Devers, and Cuba. A prisoner cannot raise a § 1983 claim unless he has exhausted that claim through his available administrative remedies according to applicable prison regulations. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83 (2006). Pennsylvania generally requires that state prisoners comply with a three-stage grievance process that includes an initial written grievance and appeals to the Facility Manager and then to the Secretary's Office

of Inmate Grievances and Appeals (SOIGA). See DC-ADM 804 (Pennsylvania Department of Corrections policy titled "Inmate Grievance System").

Here, the District Court properly concluded, based on the expanded summary-judgment record, that Johnson did not exhaust his claims against Cuba, based on an affidavit swearing that SOIGA had no records of a final appeal related to Johnson's initial grievance regarding the seizure of his prayer beads. The District Court determined that Johnson never filed grievances against Devers and Bienkowski, and Johnson does not challenge that finding on appeal. Although Johnson suggested several reasons for excusing his failure to administratively exhaust his claims, none of his arguments persuade us that the District Court erred in holding that the grievance system was available to Johnson.[6] Accordingly, we will not disturb the District Court's judgment that Johnson failed to administratively exhaust his claims.

Finally, we discern no abuse of discretion in the District Court's denials of Johnson's post-judgment motions. Whether construed as arising under either Rule 59(e)

---

[6] An administrative remedy is unavailable when: (1) "it operates as a simple dead end[,]with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) it is "so opaque that it becomes, practically speaking, incapable of use," or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 578 U.S. 632, 643-44 (2016). Arguably, DC-ADM 804 § 1(A)(7) might reflect that the grievance procedure is unavailable for claims challenging misconduct citations or AC status, cf. Prater v. Dep't of Corr., 76 F.4th 184, 204 (3d Cir. 2023), but the appellees correctly assert that Johnson has forfeited review of that possible issue. Nor has Johnson persuasively argued on appeal that the grievance system was unavailable to him for any other reason outlined in Ross, or that he satisfied any exception to DC-DM 804 such that his claims fall outside the scope of that grievance procedure.

or Rule 60(b) of the Federal Rules of Civil Procedure, Johnson's post-judgment motions were meritless.

Consequently, we will affirm the District Court's judgment.